# In the United States District Court for the Southern District of Alabama at Mobile

## Federal Questions

*Feb. 2, 2004*

Rachel Martin

Plaintiff - pro se

v.

Allen M. Estes
Spencer M. Taylor

Defendants

Case No:

FILED FEB 2 '04 AM 9 55 USDCALS

## Charges of Fraud and Deceit in Summary Judgment

Comes now the Plaintiff, Rachel C. Martin, and brings this law suit against the Defendants' attorneys in the prior lawsuit as Case No. 2/01-0189-CG-C of March 12, 2001.

A Judgment was entered in this case on January 13, 2004, in favor of the Defendants on Summary Judgment, even though they did not have a preponderance of the evidence, and because there were so many disputed facts in this case.

## Evidence and Undisputed Facts

I want the attorneys to present their undisputed facts to <u>me</u>, this court, and the public.

## Limitation of Action — Key 100(6)

Key 100(5) — Action for Deceit States:

In an Action to recover damages for Fraud and Deceit, the statute of limitation does not begin to run until the discovery of the fraud. Henry v. Allen, 9 So. 579, 93 Ala. 197.

## Fraud and Misrepresentation

The Defendants' attorneys are charged with fraud and misrepresentation. 6-5-100 — 6-5-101.

## Fraud — 6-5-100

1. Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action.

This alleged fraud happened in the United States District Court at Mobile, Alabama.

## Fraud — 6-5-101

Misrepresentation of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposing party, constitute Legal Fraud.

I allege that the Defendants' lawyers have committed Fraud by having the U.S. District Court give a Judgment on January 13, 2004, in

their favor with a Summary Judgment, when they knew for a fact that every issue in my case against Alabama Power Company, et al., was in dispute as a disputed fact.

## Standing to Sue

The Standing to Sue requirement is satisfied only if the party alleges that it has suffered an actual or threatened injury as a result of the Defendant's action. U.S.C.A. Const. Art. 3-2 Ch. 1. <u>Summit Medical Ass. v. James</u> 998 F. Supp. 1339. M.D. Ala. 1998.

I, the Plaintiff, have suffered a great loss with my case of March 12, 2001, because of the granting of a Summary Judgment to the Defendants.

1. There was no jury trial by a struck jury, and that's against my will.
2. There was no Judgment on the Merits.
3. I was not paid any damage for the Defendants willful/wanton acts — of which some are Statutory Damages, plus other damages.

Now, I demand that the attorneys pay me the $2,000,000,000 that I sued for from their Defendants:

1. Alabama Power Company
2. Don Ballard
3. Ken Higgins

Charges of Fraud and Deceit in Summary Judgment                                   Page 4

The attorneys have not told the real truth about

    1. The permits                    2. About my parents' handwriting

    3. About the Deeds             4. About my loss of 362 pine trees

    5. About their lines & poles and other frauds

    6. My Injunction was not acted on by the Court.

## Statement of Contention

The Plaintiff contends that Allen M. Estes and Spencer M. Taylor, attorneys for the Defendants, Alabama Power Company, Don Ballard and Ken Higgins informed me that the Defendants' Judgment of January 13, 2004, given in the United States Federal Court at Mobile, Alabama, was given as Summary Judgment because there are no undisputed facts. However, every issue in the above styled case is in dispute and there are no undisputed facts that would allow a judge to render a Judgment—i.e., a Summary Judgment— for any of the Defendants.

This represents a loss to me of $2,000,000,000, which are charged to the Defendants Allen M. Estes and Spencer M. Taylor. Then there is the statutory damage that I lost for the destruction of 362 pine trees on November 10, 2000.

All the above constitute **Fraud and Deceit**. This is a new civil case that extends from the old case 2/01—0189—CG—C.

# I Hereby Certify

I hereby certify that I have served a copy of the foregoing upon the following on the _2d._ day of February 2004.

1. Allen M. Estes
2. Spencer M. Taylor
   P.O. Box 306
   Birmingham, AL  35201

   /Defendants

3. Clerk:
   U.S. District Court
   113 St. Joseph Avenue
   Mobile, AL  36602

Submitted by: _Rachel C. Martin_
Rachel C. Martin
821 AD Bolden Road
Sawyerville, All 36676

Feb. 2, 2004